Filed 10/5/15  P. v. Branch CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076788 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039551) |
| v. | |
| TRACY WAYNE BRANCH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Tracy Wayne Branch asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant pleaded no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted four prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) in exchange for a referral for sentencing pursuant to Proposition 36.[1]  The trial court suspended imposition of sentencing and ordered defendant to complete three years of formal probation pursuant to Proposition 36.  Among the terms and conditions of defendant's probation, he was required to submit to drug testing, enroll in a substance abuse class, and attend a 12-step program.  The trial court also imposed statutory fines and fees, including a $280 restitution fine, a $280 probation revocation fine (stayed), a $195 crime lab fee (including penalty assessment), a $25 criminal justice fee, a $250 Proposition 36 drug program fee, a $380 Proposition 36 testing fee, a $40 court operations assessment fee, and a $30 conviction assessment.

In November 2013, it was alleged defendant violated his probation by failing to report to his probation officer and by thrice failing to submit to drug testing.  In exchange for a dismissal of the other probation violation allegations and a dismissal of a failure to appear charge, in January 2014 defendant admitted one violation of probation based on a single instance of failing to submit to drug testing and executed a *Harvey*[2] waiver.  The trial court did not reinstate probation but remanded defendant without bail and granted

---

[1]  Also known as the Substance Abuse and Crime Prevention Act of 2000, Proposition 36 provides that " 'a defendant who has been convicted of a "nonviolent drug possession offense" must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation.' [Citation.]  If the defendant completes such drug treatment and complies with the other conditions of probation, 'the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant.' " (*People v. Alice* (2007) 41 Cal.4th 668, 680.)

[2]  *People v. Harvey* (1979) 25 Cal.3d 754 (permitting a court to consider dismissed charges in sentencing).

the probation department discretion to release defendant to a residential treatment program on the same terms and conditions as if he were on probation.

In April 2014, it was alleged defendant violated probation by terminating his participation in a drug rehabilitation program without permission.[3] Because defendant was still pending sentencing on the prior probation violation, this subsequent violation of probation was dismissed on the People's motion. The trial court terminated defendant's probation and imposed a sentence of six years in county jail: the middle term of two years for possession of a controlled substance and four consecutive one-year terms for the prior prison enhancements. The court additionally lifted the stay of the $280 probation revocation restitution fine and ordered all previously imposed fines and fees to be paid. Defendant appealed.[4]

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within

---

[3] There is no indication in the record that defendant had been placed back on probation prior to the filing of this new petition of violation of probation.

[4] While his appeal was pending, defendant petitioned the trial court for recall of his sentence and resentencing pursuant to the recently enacted Penal Code section 1170.18 (Prop. 47). The trial court granted defendant's petition, recalling defendant's sentence, designating his conviction a misdemeanor, and resentencing defendant to one year in county jail. As we recently held in *People v. Scarbrough* (Sept. 29, 2015, C075414) ___ Cal.App.4th ___ [2015 Cal.App. Lexis 844], the trial court's order granting defendant's petition is void.

Additionally, at the hearing on his petition for resentencing, defendant orally stipulated to dismiss the instant appeal. In light of his desire to pursue resentencing, defendant perhaps should have abandoned the instant appeal. However, no abandonment of the appeal was filed with this court; thus, the appeal has not been dismissed. (Cal. Rules of Court, rule 8.316.)

30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        BUTZ            , J.


We concur:


      RAYE           , P. J.


      RENNER         , J.

4