[No. S144501. July 5, 2007.]

THE PEOPLE, Plaintiff and Appellant, v.
JEFFREY SCOTT ALICE, Defendant and Respondent.

**COUNSEL**

Michael A. Ramos, District Attorney, Mark A. Vos, Lead Deputy District Attorney, and Brent J. Schultze, Deputy District Attorney, for Plaintiff and Appellant.

Denise M. Rudasill, under appointment by the Supreme Court, for Defendant and Respondent.

**OPINION**

**MORENO, J.**—For the reasons that follow, we hold that the Court of Appeal violated Government Code section 68081 by holding that the People's appeal in this case was authorized by Penal Code section 1238, subdivision (a)(10) as an appeal from an unlawful sentence, because the parties had neither proposed nor addressed this issue in their briefs. The Court of Appeal compounded this error by denying defendant's petition for rehearing on that basis. We further hold that the appeal in this case from the order setting aside one count of the information under Penal Code section 995 was authorized by Penal Code section 1238, subdivision (a)(1), which permits the People to appeal from an order setting aside any portion of an information, but no appeal lies from the court's purported order granting probation.

**FACTS**

On January 10, 2005, defendant Jeffrey Scott Alice was charged by information with transporting the controlled substance methamphetamine in violation of Health and Safety Code section 11379, subdivision (a), possessing methamphetamine in violation of Health and Safety Code section 11377, subdivision (a), driving under the influence of alcohol or drugs in violation of Vehicle Code section 23152, subdivision (a), and being under the influence of methamphetamine in violation of Health and Safety Code section 11550, subdivision (a).

Defendant moved to set aside the information under Penal Code section 995. On April 20, 2005, the superior court granted defendant's Penal Code section 995 motion in part, dismissing the driving under the influence charge

on the ground that there was no evidence introduced at the preliminary hearing "that the amount of amphetamines [in defendant's system] would have affected his ability to drive." Defendant immediately entered pleas of guilty to the remaining charges so that he could, in the words of defense counsel, "do Proposition 36," stating that defendant "is eligible now." The court accepted defendant's pleas and "set this matter over into Proposition 36 on May 13," ordering defendant to report immediately to the probation department and "[a]dvise them you are now on Proposition 36." The court further ordered defendant to attend three meetings a week of either Narcotics Anonymous or Alcoholics Anonymous. The court docket reflects that sentencing was set for May 13, 2005.

On April 29, 2005, prior to sentencing, the People filed a notice of appeal "from the judgment of the Superior Court . . . at the hearing on the Penal Code § 995 motion, April 20, 2005, where the court set aside Count 3 of the Information . . . and where the court subsequently accepted a guilty plea to the remaining counts . . . whereby defendant was awarded drug treatment probation under Proposition 36." The notice of appeal states that the People "appeal directly from the § 995 order (Penal Code § 1238[, subd.] (a) (1)), as well as from the erroneous order granting drug treatment probation 'made after the judgment affecting the substantial rights of the People.' (Penal Code § 1238[, subd. ](a)(5) . . . .)"

In its opening brief in the Court of Appeal, the People argued that it had a right to appeal "directly from the § 995 order" and from "the erroneous order granting drug treatment probation" under Penal Code section 1238, subdivision (a)(1) and (5). The People argued that the evidence introduced at the preliminary hearing "proved [defendant] was driving under the influence, in violation of Vehicle Code § 23152[, subdivision] (a)" and that, accordingly, the superior court "erred in granting the § 995 motion" dismissing the charge of driving under the influence.

In his brief in the Court of Appeal, defendant countered that the appeal was barred by Penal Code section 1238, subdivision (d) which, according to defendant, "bars not only the direct appeal of the order granting probation, but also the appeal of other orders, where the appeal in substance is an attack on the probation order." Defendant argued that the People's "direct appeal of the order granting drug treatment probation is barred by section 1238. Likewise, [the People]'s appeal of the order granting the Penal Code section 995 motion as to the driving under the influence charge is also barred because it is in substance an attack on the order granting probation." Defendant further argued that the superior court did not err in granting, in part, defendant's motion to set aside the information.

The People did not file a reply brief.

The Court of Appeal, in an unpublished opinion, held that the People had a right to appeal under Penal Code section 1238, subdivision (a)(10), which authorizes an appeal from the "imposition of an unlawful sentence," reasoning that "the trial court's suspension of the execution of sentence and grant of probation was an illegal sentence resulting from the erroneous grant of defendant's section 995 motion." Ruling that the superior court erred in dismissing the driving under the influence charge, the Court of Appeal reversed the "judgment" and remanded the matter to the superior court with directions "to vacate its order placing defendant on drug treatment probation pursuant to Proposition 36. The court is further directed to vacate its order granting defendant's section 995 motion to dismiss [the driving under the influence count] and enter a new order denying the motion in its entirety."

Defendant petitioned for rehearing under Government Code section 68081, arguing that the Court of Appeal had decided the case based upon an issue "that was not proposed or briefed by any party"—that the appeal was authorized by Penal Code section 1238, subdivision (a)(10) as an appeal from an unlawful sentence—without affording defendant an opportunity to address the issue in a supplemental brief. Defendant stated: "The first time that the issue of whether section 1238, subdivision (a)(10) authorized this appeal . . . was raised, was by this court in it's [*sic*] tentative opinion issued on December 7, 2005. . . . [¶] Although [defendant] addressed this issue at oral argument, [defendant] respectfully disagrees with this court that oral argument is a sufficient replacement for a thorough, well-written brief of the contested issue." Attached to the petition for rehearing was a copy of the notice to the parties from the Court of Appeal that accompanied the court's tentative ruling, which included the statement: "No supplemental briefing will be accepted because counsel may raise those issues during oral argument. Counsel should refrain from raising new issues not briefed."

The Court of Appeal denied rehearing. As noted above, we granted review.

### Discussion

■ Penal Code section 1238 "governs the People's appeals from orders or judgments of the superior courts." (*People v. Douglas* (1999) 20 Cal.4th 85, 89–90 [82 Cal.Rptr.2d 816, 972 P.2d 151], fn. omitted.) The statute provides, in pertinent part: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside all or any portion of the indictment, information, or complaint. [¶] . . . [¶] (5) An order made after judgment, affecting the substantial rights of the people. [¶] . . . [¶] (10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence . . . ." (Pen. Code, § 1238, subd. (a).) Subdivision (d), however, provides that an order granting probation is not appealable: "Nothing contained in this section shall be construed to authorize an appeal from an order

granting probation. Instead, the people may seek appellate review of any grant of probation . . . by means of a petition for a writ of mandate or prohibition . . . . The review of any grant of probation shall include review of any order underlying the grant of probation." (Pen. Code, § 1238, subd. (d).)

As noted above, the People relied on subdivision (a)(1) and (5) of Penal Code section 1238 in its notice of appeal and in its opening brief to justify its appeal of the order dismissing the driving under the influence charge and the "order granting drug treatment probation," respectively. In response, defendant argued in his brief that the appeal from both the order of dismissal and the "order granting drug treatment probation" were barred by Penal Code section 1238, subdivision (d) as purported appeals from orders granting probation.

The Court of Appeal, however, based its decision upon a different subdivision of Penal Code section 1238, ruling that the People could appeal from both the order of dismissal and from the purported "order granting drug treatment probation" under Penal Code section 1238, subdivision (a)(10) (hereafter section 1238(a)(10)), which "authorizes an appeal from the 'imposition of an unlawful sentence.' " The Court of Appeal denied defendant's petition for rehearing based upon Government Code section 68081.

*Government Code section 68081*

Government Code section 68081 (hereafter section 68081) provides that before an appellate court "renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party."

We have applied section 68081 on several occasions, but we never have examined its meaning in depth. In *Adoption of Alexander S.* (1988) 44 Cal.3d 857 [245 Cal.Rptr. 1, 750 P.2d 778], the Court of Appeal, on its own initiative and without prior notice to the parties, treated a belated appeal as a petition for writ of habeas corpus and denied counsel's request made during oral argument to submit a supplemental brief on the issue. We noted that the Court of Appeal "appear[ed] to have overlooked Government Code section 68081" (*id.* at p. 864) and held that the Court of Appeal had a duty "to allow supplemental briefing before it renders a decision which was not proposed or briefed by any party" (*id.* at p. 865).

In the automatic appeal of the appellant's death sentence in *People v. Clark* (1993) 5 Cal.4th 950 [22 Cal.Rptr.2d 689, 857 P.2d 1099], we applied the

doctrine of inevitable discovery to uphold the admission into evidence of the results of an analysis of a blood sample withdrawn from the defendant shortly after his arrest, despite the fact that neither side had argued that doctrine at trial. (*Id.* at p. 993, fn. 19.) We observed that "Government Code 68081 is not implicated by our decision, because the arguments found in the brief filed by the Attorney General provide a sufficient basis for our reliance upon the inevitable discovery doctrine." (*Ibid.*)

In *Public Resources Protection Assn. v. Department of Forestry & Fire Protection* (1994) 7 Cal.4th 111, 117, footnote 6 [27 Cal.Rptr.2d 11, 865 P.2d 728], we noted that the Court of Appeal "compl[ied] with the requirements of Government Code section 68081" by, on its own motion, requesting letter briefs from the parties addressing whether emergency rules filed by the Board of Forestry while the appeal was pending applied to the timber harvest plan at issue.

In *In re Manuel G.* (1997) 16 Cal.4th 805, 812 [66 Cal.Rptr.2d 701, 941 P.2d 880], we examined the Court of Appeal's holding that the minor in that case had not violated Penal Code section 69 by attempting by means of threats to deter a deputy sheriff from performing his duties because the minor was being detained unlawfully when he threatened the deputy. The Court of Appeal had raised the issue of the legality of the detention of the juvenile for the first time during oral argument. (16 Cal.4th at p. 812.) The Attorney General petitioned for rehearing on the grounds that no party had proposed or briefed the issue of "whether the minor had been detained—legally or illegally." (*Ibid.*) Our opinion notes that "we granted the Attorney General's petition for review and transferred the cause to the Court of Appeal with directions to reconsider the matter pursuant to Government Code section 68081." (*Id.* at p. 813, fn. omitted.)

The Courts of Appeal also have considered the meaning of section 68081 on a few occasions. In *People v. Taylor* (1992) 6 Cal.App.4th 1084, 1090, footnote 5 [8 Cal.Rptr.2d 439], the majority rejected the dissent's assertion that section 68081 required the court to permit supplemental briefing before determining what standard of review to apply, reasoning that section 68081 "only requires such an opportunity when the decision is '*based upon* an issue which was not proposed or briefed by any party . . . .' [Citation.] The decision here is not *based upon* the standard of review; it is based upon the law concerning inherently dangerous felonies." The court noted that the question of the proper standard of review "is present in *every* case, although the parties often ignore it." (*People v. Taylor, supra,* 6 Cal.App.4th at p. 1090, fn. 5.) The court held: "The purpose behind section 68081 is to prevent decisions based on issues on which the parties have had no *opportunity* for input. [Citation.] They certainly had the opportunity here." (*Ibid.*)

*California Casualty Ins. Co. v. Appellate Department* (1996) 46 Cal.App.4th 1145 [54 Cal.Rptr.2d 118] involved a civil suit that arose from an automobile collision that occurred when a vehicle that was losing power changed lanes to exit a freeway. A California Highway Patrol officer testified at trial, over petitioner's objection, that, in his opinion, the lane change did not violate the Vehicle Code. Petitioner appealed from the resulting judgment, arguing that the trial court erred in admitting the officer's testimony. The appellate department ruled that the record reflected only that the officer testified " '[o]ver [petitioner's] objection,' " which failed to satisfy Evidence Code section 353, "which requires that objections be made on specific grounds in order to preserve a basis for a claim of error on appeal." (*California Casualty Ins. Co. v. Appellate Department, supra,* 46 Cal.App.4th at p. 1149.) The appellate department affirmed the judgment. The Court of Appeal issued a peremptory writ of mandate ordering the appellate department to grant rehearing so that "the parties may present their views on the Evidence Code section 353 issue" (*id.* at p. 1150) because the appellate department "decide[d] the case on an issue no one had raised, and about which the court had failed to inform the parties that it might consider" (*id.* at p. 1149). The Court of Appeal held that the appellate department erred both in deciding the case based upon Evidence Code section 353 without giving the parties an opportunity to brief the issue, and in denying petitioner's petition for rehearing. (*California Casualty Ins. Co. v. Appellate Department, supra,* 46 Cal.App.4th at p. 1149.)

The Court of Appeal in *Westly v. Board of Administration* (2003) 105 Cal.App.4th 1095 [130 Cal.Rptr.2d 149] held that the "plenary authority . . . for . . . administration of the system" granted to the board of administration of the California Public Employees' Retirement System (the Board) by article XVI, section 17 of the California Constitution did not permit the Board to exempt its employees from civil service. In a petition for rehearing, the Board claimed that the Court of Appeal violated section 68081 by deciding the merits of one of the causes of action without briefing from the parties. The Court of Appeal rejected the Board's claim, ruling that the cause of action in question was "based upon an issue thoroughly briefed by both parties," and stating that this thoroughly briefed issue was "[i]mplicit" in the court's determination. (*Westly v. Board of Administration, supra,* 105 Cal.App.4th at p. 1113, fn. 14.)[1]

---

[1] It appears that the Courts of Appeal tend to err on the side of allowing more supplemental briefing rather than less, when a question arises as to whether an issue has been proposed and briefed by the parties. (See, e.g., *County of Los Angeles v. Construction Laborers Trust Funds for Southern California Admin. Co.* (2006) 137 Cal.App.4th 410, 414 [39 Cal.Rptr.3d 917] [because the parties had not expressly briefed whether the trial court had imposed an equitable lien, the court "solicited the views of the parties on this issue prior to oral argument"];

In the present case, we must determine if the Court of Appeal's holding that the appeal was authorized by section 1238(a)(10) as an appeal from an unauthorized sentence was "based upon an issue which was not proposed or briefed by any party to the proceeding." (Gov. Code, § 68081.)

■ Section 68081 does not require that a party actually have briefed an issue; it requires only that the party had the opportunity to do so. By requiring the parties to file opening and responding briefs, the California Rules of Court automatically give the parties the opportunity to brief every issue that is raised in the appeal. (Cal. Rules of Court, rule 8.200(a)(1).) Further, we hold that this also gives the parties the opportunity to brief any issues that are fairly included within the issues actually raised. Our court rules adopt this approach—that the opportunity to brief an issue includes the opportunity to brief any issues that are fairly included within that issue—in addressing the related question of when this court is required to permit the parties before it to submit supplemental briefs. Rule 8.516(b)(1) of the California Rules of Court provides that, without permitting the parties to submit supplemental briefs, "[t]he Supreme Court may decide any issues that are raised or fairly included in the petition [for review] or answer." But rule 8.516(b)(2) adds the limitation that this court "may decide an issue that is neither raised nor fairly included in the petition or answer" only if "the court has given the parties reasonable notice and opportunity to brief and argue it."

We addressed the meaning of these rules in *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643, 649 [31 Cal.Rptr.3d 147, 115 P.3d 460], in which we considered whether a commercial general liability insurer may obtain reimbursement of expenses it incurred defending its insured against a third party lawsuit when it is ultimately determined, as a matter of law, that the policy never afforded any potential for coverage, and that a duty to defend thus never arose. We held that the insurer could obtain such reimbursement if it had properly reserved its rights. We further concluded that the defendant had failed to preserve for review whether the Court of Appeal had erred in concluding that the insurer did have a duty to defend, ruling that this question was not " 'fairly included' " in the issue upon which we granted review. (*Id.* at p. 654, fn. 2; see also *People v. Wright* (2006) 40 Cal.4th 81, 99, fn. 10 [51 Cal.Rptr.3d 80, 146 P.3d 531] [applying Cal. Rules of Court, former rule 29(b)(1)].)

In *People v. Perez* (2005) 35 Cal.4th 1219, 1228 [29 Cal.Rptr.3d 423, 113 P.3d 100], we held that the People could argue that the defendant properly was convicted of possessing hydriodic acid precursors with the

*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 831, fn. 18 [26 Cal.Rptr.3d 104] [noting that court had solicited letter briefs from the parties "[i]n order to assure compliance" with § 68081].)

intent to manufacture methamphetamine in violation of Health and Safety Code section 11383, subdivision (c)(2) on the theory that he possessed the chemicals "with the intent that someone else use them to manufacture methamphetamine," even though "this precise statutory issue was not part of the People's petition for review," because the issue was "fairly embraced in the petition." We reasoned that "[t]he issue whether aiding and abetting liability requires proof that the elements of the predicate offense were committed by another, as we have determined it does, necessarily includes the issue whether the court's error in instructing the jury on aiding and abetting in the absence of such evidence was harmless. The jury was instructed on the requirements of section 11383[, subdivision] (c)(2). If that section criminalizes possession of precursors with the intent that someone else manufacture methamphetamine, i.e., if it directly criminalizes the conduct tried under an aiding and abetting theory, then the court's error in instructing the jury on aiding and abetting would be harmless." (*People v. Perez, supra,* 35 Cal.4th at p. 1228.)

In the present case, the People appealed on the theory, and argued in its briefs, that the dismissal of the driving under the influence charge was appealable under Penal Code section 1238, subdivision (a)(1) as an order setting aside a portion of the information, and the purported order granting probation was appealable under Penal Code section 1238, subdivision (a)(5) as an order made after judgment. Defendant responded that appeal of both orders was barred by section 1238, subdivision (d) because the appeal of the dismissal of the driving under the influence charge was, in substance, an attack on a probation order and the appeal from the order granting probation was prohibited as a direct appeal of a probation order. Neither party, therefore, discussed whether the appeal was proper as an appeal from an unlawful sentence pursuant to section 1238(a)(10).

Defendant had no reason to anticipate that the court might address whether the present appeal was from an unlawful sentence, because this question was not fairly included within the issues raised by the parties. Unlike the question of the proper standard of review, which "is present in *every* case" (*People v. Taylor, supra,* 6 Cal.App.4th 1084, 1090, fn. 5), whether the sentence in this case was unlawful is not inherent in the questions of whether there was an unlawful order setting aside a portion of the information, or whether there was an erroneous order granting probation. To the contrary, in the present case, defendant could hardly anticipate that the Court of Appeal would conclude that his sentence was unlawful, because the record does not reflect that defendant was sentenced at all. Rather, this case is more similar to *California Casualty Ins. Co. v. Appellate Department, supra,* 46 Cal.App.4th 1145, 1149, in which the Court of Appeal determined that the parties had not

been given an opportunity to brief whether there had been a proper objection to the evidence the petitioner had contended had been erroneously admitted into evidence.

Because the application of section 1238(a)(10) had not been raised or briefed by the parties, and was not fairly included within the issues raised, the Court of Appeal was required by Government Code section 68081 to "afford the parties an opportunity to present their views on the matter through supplemental briefing" before resolving the case on this basis. Having failed to do so, the court again erred by denying defendant's timely petition for rehearing.

The circumstance that the Court of Appeal apparently informed the parties of its intention to address section 1238(a)(10) by issuing a tentative ruling prior to oral argument, which permitted the parties to address this issue orally but did not permit the parties to file supplemental briefs, does not satisfy the requirements of Government Code section 68081. The mandate of the statute is plain; section 68081 requires that the parties be permitted to address the issue "through supplemental briefing." Oral argument is not in every case a substitute for briefing. (See *In re Manuel G.*, *supra*, 16 Cal.4th 805, 812 [ordered Court of Appeal to reconsider pursuant to § 68081 when issue raised for first time during oral argument]; *Adoption of Alexander S.*, *supra*, 44 Cal.3d 857, 864 [Court of Appeal erred in denying request made during oral argument to submit supplemental briefing].)

We do not suggest, of course, that the parties have a right under section 68081 to submit supplemental briefs or be granted a rehearing each time an appellate court relies upon authority or employs a mode of analysis that was not briefed by the parties. The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081.

Having concluded that the Court of Appeal violated section 68081, we could reverse the judgment on that ground and remand the matter to the Court of Appeal with directions to rehear the case after granting the parties an opportunity to file supplemental briefs. (See, e.g., *In re Manuel G.*, *supra*, 16 Cal.4th 805, 813.) The parties, however, have already briefed and argued in this court whether the People had a right to appeal pursuant to section 1238(a)(10), and no purpose would be served by further delaying the final disposition of this case: "The purpose of Government Code section 68081 having been served, we see no reason to consume additional time and court resources by insisting on further briefing and hearing of this matter below."

(*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 [43 Cal.Rptr.3d 279].) Accordingly, we turn to whether the People had the right to appeal the superior court's ruling.

### People's Right to Appeal

■ "The prosecution in a criminal case has no right to appeal except as provided by statute. [Citation.] 'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. [Citations.] . . . [¶] The restriction on the People's right to appeal . . . is a substantive limitation on review of trial court determinations in criminal trials.' [Citation.] 'Appellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors.' [Citation.] Courts must respect the limits on review imposed by the Legislature 'although the People may thereby suffer a wrong without a remedy.' [Citation.]" (*People v. Williams* (2005) 35 Cal.4th 817, 822–823 [28 Cal.Rptr.3d 29, 110 P.3d 1239].)

■ Beyond question, the People had the right to appeal the superior court's order dismissing the driving under the influence charge under Penal Code section 995. (*People v. Chapman* (1984) 36 Cal.3d 98, 105, fn. 3 [201 Cal.Rptr. 628, 679 P.2d 62].) Penal Code section 1238, subdivision (a)(1) permits the People to appeal "[a]n order setting aside all or any portion of the . . . information."

■ A more complex question is posed by the People's purported appeal from the "order granting drug treatment probation." "Following the enactment of Proposition 36, the 'Substance Abuse and Crime Prevention Act of 2000,' which took effect July 1, 2001, a defendant who has been convicted of a 'nonviolent drug possession offense' must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation." (*People v. Canty* (2004) 32 Cal.4th 1266, 1272–1273 [14 Cal.Rptr.3d 1, 90 P.3d 1168].) If the defendant completes such drug treatment and complies with the other conditions of probation, "the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant." (Pen. Code, § 1210.1, subd. (e).)

But Proposition 36 further provides: "A defendant is *ineligible* for probation and diversion to such a program, however, if he or she has been 'convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony.' [Citation.]" (*People v. Canty, supra,* 32 Cal.4th 1266,

1273.) In the present case, in addition to three nonviolent drug possession offenses, defendant also was charged with driving under the influence of drugs, which is " 'a misdemeanor not related to the use of drugs' " which made defendant ineligible for diversion under Proposition 36. (32 Cal.4th at p. 1285.) Thus, the superior court's order dismissing the charge of driving under the influence made defendant eligible for drug diversion on the remaining charges under Proposition 36.

Once the superior court dismissed the charge of driving under the influence, defendant immediately pled guilty to the remaining charges, in anticipation of receiving drug treatment probation under Proposition 36. The superior court accepted defendant's pleas and continued the case for sentencing on May 13, 2005, saying, "I am going to set this matter over into Proposition 36 on May 13." The court ordered defendant to immediately report to the probation department and "[a]dvise them you are now on Proposition 36." In continuing the case for sentencing and ordering defendant to report to the probation department, the court complied with Penal Code section 1191, which states: "In a felony case, after a plea, finding, or verdict of guilty, . . . the court shall appoint a time for pronouncing judgment, . . . during which time the court shall refer the case to the probation officer for a report if eligible for probation . . . ."

The record reflects, therefore, that defendant pled guilty in anticipation of being placed on probation pursuant to Proposition 36, and the court accepted his pleas intending to place defendant on probation under Proposition 36, but the court did not, at that time, actually issue an order granting probation.

When the People filed its notice of appeal on April 29, 2005, therefore, the sentencing hearing had not yet taken place and no judgment had been entered. The superior court's informal direction to defendant at the time it accepted defendant's pleas and continued the case for sentencing to tell the probation department he was "now on Proposition 36" does not constitute an order granting probation, as the People claim. At the time the People filed its notice of appeal, therefore, the superior court had not issued an order granting probation.[2]

■ If the superior court had placed defendant on probation immediately after accepting his pleas of guilty, the People would face an even bigger

---

[2] The record before us does not reflect whether defendant was placed on Proposition 36 probation after the People filed its notice of appeal. The People made a motion in this court to augment the record on appeal to include minute orders issued by the superior court after the notice of appeal was filed that purported to show that defendant was granted probation on May 13, 2005, successfully completed a drug treatment program a year later, and the case was dismissed pursuant to Proposition 36 on May 11, 2006. Defendant objected on the ground, among others, that these orders had not been before the Court of Appeal. We denied the motion to augment the record.

hurdle; the People cannot appeal an order granting probation. (*People v. Douglas, supra,* 20 Cal.4th 85, 93.) Penal Code section 1238, subdivision (d) states in no uncertain terms that section 1238 does not authorize "an appeal from an order granting probation." Rather, the People are required to seek review "by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted." (Pen. Code, § 1238, subd. (d).) Accordingly, the People had the right to appeal the order dismissing the driving under the influence charge under section 1238, subdivision (a)(1), but it could not appeal the "order granting drug treatment probation" because no such order appears in the record before us, and an appeal from such an order granting probation would be barred by section 1238, subdivision (d).[3]

We explained in *Douglas* why the Legislature required the People to seek review of an order granting probation by means of a writ rather than by appeal: "The patent purpose of [Penal Code section 1238, subdivision (d)] is to provide a means for review of assertedly illegitimate probation orders while avoiding the unfairness that could result to a defendant who, while the People's appeal from his or her probation grant is prepared, briefed, heard and decided, might serve all or a substantial part of the probationary period, only to be resentenced to a full state prison term if the People's appeal is ultimately successful. The statute limits review to writ petitions because such procedures are assumed to operate more quickly than an appeal. [Citations.]" (*People v. Douglas, supra,* 20 Cal.4th 85, 92–93, fn. omitted.) In *Douglas,* we quoted a portion of the legislative history of section 1238, subdivision (d) in which a staff analysis of a proposed amendment to the statute explained: " 'Appeals generally take at least a year to decide. Is it fair to a defendant to put him or her on probation for a year and then imprison him or her a year or two later if an appeal is lo[s]t, even if he or she has been an exemplary probationer?' " (*People v. Douglas, supra,* 20 Cal.4th at p. 93, fn. 8.)

■ To serve this purpose, Penal Code section 1238, subdivision (d) prohibits not only appeals from orders granting probation, but also "prohibits appeals that, in substance, attack a probation order, even if the order explicitly appealed from may be characterized as falling within one of the authorizing provisions of subdivision (a). Thus, if the People seek, in substance, reversal of the probation order, the appeal is barred by subdivision (d) however they may attempt to label the order appealed from. [Citation.]" (*People v. Douglas, supra,* 20 Cal.4th 85, 93.)

---

[3] Defendant cites *People v. Robles* (1997) 52 Cal.App.4th 157 [60 Cal.Rptr.2d 419] for the proposition that the appeal from the order dismissing the driving under the influence charge is barred by Penal Code section 1238, subdivision (d), because the order dismissing the driving under the influence charge "empowered the trial court to grant [defendant] probation." But we disapproved the decision in *Robles* on this point in *People v. Douglas, supra,* 20 Cal.4th 85, 95.

In the present case, therefore, the People's appeal is effective only to the extent it seeks review of the order dismissing the charge of driving under the influence. The People's attempt also to appeal from "the erroneous order granting drug treatment probation" is ineffective both because the record before us does not reflect such an order granting probation and because such an appeal would be barred by Penal Code section 1238, subdivision (d).

The Court of Appeal concluded that the appeal is authorized by section 1238(a)(10), which permits the People to appeal from "[t]he imposition of an unlawful sentence." But this approach fails because nothing in the record before us indicates that defendant was sentenced. The trial court continued the case to May 13, 2005, for sentencing, but the People filed its notice of appeal prior to that date, on April 29, 2005.

The Court of Appeal erred, therefore, in directing the superior court "to vacate its order placing defendant on drug treatment probation pursuant to Proposition 36." There is no basis for doing so. The People were permitted to appeal only the order dismissing the driving under the influence charge. Proceedings on the remaining charges could continue while this appeal was pending. (*People v. Franc* (1990) 218 Cal.App.3d 588, 592 [267 Cal.Rptr. 109] [The People may appeal from "a dismissal of some parts of an indictment while proceeding to trial on what remains. The trial court retains jurisdiction to try those counts not affected by the appeal."].)

We are sympathetic to the People's futile attempt to prevent the superior court's erroneous ruling dismissing the driving under the influence charge from making defendant eligible for Proposition 36 probation, but the People failed to take the proper steps to prevent this from happening. The People could have asked the superior court to stay proceedings on the remaining charges while it appealed the dismissal of the driving under the influence charge. If the superior court refused to stay proceedings and placed defendant on drug diversion probation as it indicated it intended to do, the People could have sought review of the order granting probation by means of a petition for writ of mandate or prohibition under Penal Code section 1238, subdivision (d). Although both the superior court's decision whether to grant a stay of proceedings and the Court of Appeal's decision whether to grant a petition for writ relief lie within the sound discretion of those courts, we would expect that those courts would have looked favorably upon such requests in order to permit the People to obtain effective review of an erroneous order that made defendant eligible for Proposition 36 probation.

In the present case, so far as the record indicates, the People neither obtained a stay of the remaining charges, nor sought writ review of any subsequent order granting defendant probation under Proposition 36. The

People only succeeded in appealing and obtaining a reversal of the order dismissing the driving under the influence charge. Accordingly, the proper disposition is to reverse the order dismissing the driving under the influence charge and remand the matter for further proceedings on that count.

## DISPOSITION

The judgment of the Court of Appeal is reversed to the extent that it directs the superior court on remand "to vacate its order placing defendant on drug treatment probation pursuant to Proposition 36," and otherwise is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.