Filed 8/19/22 Seagate Technology v. Goel CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC et al., | |
| Plaintiffs and Appellants, | G060036 |
| v. | (Super. Ct. No. 18CV328929) |
| VIKAS GOEL, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Santa Clara, Sunil R. Kulkarni, Judge. Reversed.

McManis Faulkner, James McManis, Elizabeth Pipkin, Matthew Schechter, and Johanna Oh for Plaintiffs and Appellants.

Wagstaffe, von Loewenfeldt, Busch & Radwick, Michael von Loewenfeldt and Frank Busch for Defendant and Respondent.

This appeal concerns a single legal question: Can private parties validly contract for a method of service of process in a foreign country, when the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (Hague Service Convention) provides for a different method of service. In this case the trial court, relying on an appellate court decision that was being reviewed by the Supreme Court, determined Seagate Technology LLC's (Seagate) service by registered mail on Vikas Goel in India did not comport with the Hague Service Convention. It granted Goel's motion to dismiss on the grounds he was not properly served and he was not subject to California jurisdiction.

While Seagate's appeal of this ruling was pending, our Supreme Court overturned the single appellate case supporting the trial court's decision to grant Goel's motion to quash. Our Supreme Court determined that when parties have agreed to waive formal service of process under California law in favor of informal notification, the Hague Service Convention's requirements for service of process abroad do not apply. (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co., Ltd.* (2020) 9 Cal.5th 125, 145 (*Rockefeller*).)

The following year, the parties filed a joint stipulation requesting that this court stay the appeal pending the outcome of their trial scheduled to begin in May 2021. The stipulation noted Seagate believed trial and any resulting judgment "may moot the instant appeal" and Goel maintained "the instant appeal is already moot." In early February 2022, we dissolved the stay and requested supplemental briefing on the mootness issue because the parties indicated the trial court proceedings were nearly completed. Goel did not file supplemental briefing. Seagate filed a letter acknowledging the issue was likely moot because the trial court reversed its prior ruling granting the motion to quash, Seagate served Goel a second time, the court held a bench trial, and it entered a judgment in favor of Seagate in August 2021. Despite all this, Seagate did not

2

request dismissal of its appeal. Instead, it argued that because Goel *may attempt* to relitigate the issue of service in an arbitration action he filed in India, an unpublished opinion from this court could prove to be helpful. We doubt that, but in any event, the parties have not provided us with an adequate record or argument to properly analyze the mootness issue. Accordingly, we will consider the sole legal question raised on the merits. In light of our Supreme Court's dispositive ruling on the same single legal issue raised in this appeal (*Rockefeller, supra,* 9 Cal.5th at p. 145), we reverse the trial court's ruling granting Goel's motion to quash.

## FACTS

Because the facts are undisputed, and this appeal concerns one legal question, we limit our summary to an abbreviated version of the underlying facts. Seagate was a data storage company headquartered in California. Goel's company, eSys Singapore, sold Seagate's products worldwide.

In 2006, the parties had a disagreement, resulting in multiple lawsuits, which the parties eventually settled in 2009. The settlement agreement provided eSys Singapore would pay the money owed to Seagate by a certain date, and Goel personally guaranteed the debt. Relevant to this appeal, the parties also agreed their disputes would be governed by California law. The parties consented to personal jurisdiction in California courts and agreed to service of process by U.S. mail to the addresses listed in the agreement.

All did not proceed as planned, and in 2018 Seagate filed a breach of contract action against Goel in a California superior court. According to the explicit settlement agreement terms, Seagate mailed the summons and complaint to Goel at the pre-designated address in India.

In early 2019, the trial court considered and granted Goel's motion to quash the complaint based on improper service. Seagate filed an appeal, and stated in the

3

briefing it was only challenging the portion of the court's order holding that service on Goel was invalid.

DISCUSSION

In the *Rockefeller* case, the Supreme Court held, "Consistent with United States Supreme Court authority, we conclude that the [Hague Service] Convention applies only when the law of the forum state requires formal service of process to be sent abroad. We further conclude that, because the parties' agreement constituted a waiver of formal service of process under California law in favor of an alternative form of notification, the Convention does not apply." (*Rockefeller, supra*, 9 Cal.5th at p. 132.) In the absence of United States Supreme Court precedent reaching a different result as to the same issue decided by the California Supreme Court, we are bound to follow the California Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The case before us falls within the four corners of *Rockefeller*. In that case, business entities entered into a contract wherein they agreed to "submit to the jurisdiction of the California courts" to resolve dispute through arbitration, and to "provide notice and 'service of process' to each other through Federal Express or similar courier." (*Rockefeller, supra*, 9 Cal.5th at p. 132.) The parties arbitrated their dispute and the prevailing party petitioned to confirm the award. (*Id.* at p. 134.) It sent the petition and summons to the opposing party in China though Federal Express and e-mail. (*Ibid.*) The opposing party did not appear and the court confirmed the arbitration award. Thereafter, the opposing party moved to quash and set aside the judgment due to insufficient service of process. It argued the prevailing party failed to comply with the Hague Service Convention, rendering the judgment void. (*Ibid.*) The court denied the motion, the appellate court reversed the ruling, and our Supreme Court determined the trial court was correct. (*Ibid.*)

4

The Supreme Court first examined the language of the Hague Service Convention as well as applicable United States Supreme Court authority. (*Rockefeller, supra*, 9 Cal.5th at pp. 134-135.) It discerned several relevant principles, including that there is a "distinction between formal service and mere notice" and application of the Hague Service Convention depended on whether formal service of process was required under the law of the sending forum. (*Id.* at p. 137-138.) The court determined the "sending forum" in that case was California, and it was well settled parties can waive both personal jurisdiction and notice aspects of service. (*Id.* at p. 140.) It reasoned as follows: "[T]he parties' agreement constituted a waiver of formal service of process under California law. The parties waived formal service in favor of informal notification through Federal Express or similar courier. Accordingly, the [Hague Service] Convention does not apply in this case." (*Id.* at p. 138.)

"Holding that the [Hague Service] Convention does not apply when parties have agreed to waive formal service of process in favor of a specified type of notification serves to promote certainty and give effect to the parties' express intentions. Conversely, to apply the [Hague Service] Convention under such circumstances would sow confusion and encourage gamesmanship and sharp practices. As one court observed, 'precluding a contractual waiver of the service provisions of the Hague Convention would allow people to unilaterally negate their clear and unambiguous written waivers of service by the simple expedient of leaving the country.' [Citations.] Nothing in the language or history of the [Hague Service] Convention suggests any intent for the treaty to be abused in such a manner." (*Rockefeller, supra*, 9 Cal.5th at p. 145.)

Although the case before us does not involve an arbitration petition, the holding is dispositive on the legal issue raised in this appeal. The parties entered into a stipulated judgment expressly agreeing to personal jurisdiction in California courts and to the replacement of service of process with an alternative notification method. The agreement expressly provided the following provision regarding service of process: "The

5

[p]arties agree to service of process by U.S. mail for any action in the Selected Courts to enforce the Settlement Documents at the addresses set forth for Notice in paragraph 38 above." "Because the parties agreed to waive formal service of process under California law in favor of informal notification, 'this case does not present an occasion to transmit a judicial document for service abroad within the meaning of Article 1' of the Hague Service Convention. [Citations.]" (*Rockefeller, supra,* 9 Cal.5th at p. 145.)

Although we are reversing the trial court's order, we appreciate it purportedly reversed its ruling after reviewing our Supreme Court's decision in *Rockefeller.* The parties do not dispute this fact, but they also failed to provide us with an adequate record to verify what transpired. Thus, we cannot fault the trial court, but rather we blame the parties for any confusion created by this opinion reversing an order and fixing a perceived error that may already have been remedied.

On a final note, we considered whether we had any obligation under Government Code section 68081 to give the parties an opportunity to present their views on the Supreme Court's *Rockefeller* opinion, which was filed after the briefing was completed in this case. The parties filed a joint stipulation asking this court to stay the appeal on the grounds it would be rendered moot due to the trial court's conduct post-*Rockefeller.* The stay was dissolved over a year later, and therefore, the parties had ample opportunity to file a request for judicial notice or update their briefing to discuss whether or not the *Rockefeller* decision impacted the appeal. Seagate's supplemental brief created more questions than answers about the issue of mootness, leaving us with only one option—decide the appeal on the merits. "[T]he fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of [Government Code] section 68081." (*People v. Alice* (2007) 41 Cal.4th 668, 679.)

6

## DISPOSITION

We reverse the trial court's order granting the motion to quash. This opinion does not address any other issues, rulings, or judgments in this case. Appellants shall recover their costs on appeal.

O'LEARY, P. J.

WE CONCUR:

MOORE, J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7