Filed 7/27/23  County of Sonoma v. Castagnola CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COUNTY OF SONOMA,<br><br>　　Plaintiff, Cross-defendant and Respondent,<br><br>v.<br><br>MICHAEL L. CASTAGNOLA, as Trustee, etc.,<br><br>　　Defendant, Cross-complainant and Appellant. | A165443<br><br>(Sonoma County Super. Ct. No. SCV265714) |

Michael L. Castagnola appeals an order appointing a receiver to enforce a stipulated judgment requiring him to abate certain nuisances and to pay agreed-upon sums. Castagnola, representing himself, requested an extension of time to file his opening brief on appeal, claiming that the trial court had not filed certain documents purportedly required to complete the record on appeal. This court denied the request. Castagnola then filed a brief that makes no argument identifying error in the challenged order. It contends only that, under a local rule of this court, his act of filing a request that the trial court prepare documents purportedly omitted from the record extended the due date for his brief until the documents are filed. But the cited rule does not apply to this appeal, given that Castagnola elected to prepare the

1

record on appeal himself rather than have the trial court prepare the record, and in any case, no necessary document is missing. We will thus affirm the challenged order for want of any showing that it is erroneous.

## Factual and Procedural History

This appeal concerns a petition to enforce a stipulated judgment signed by the court (Dollard, J.) in July 2020. The judgment arose from an agreement to settle an action filed in 2019 by Sonoma County (the County) against Michael L. Castagnola, trustee of the Michael L. Castagnola Revocable Trust, and the Trust (collectively Castagnola), and a cross-complaint.

The judgment recites that Castagnola owns a property that the County declared a public nuisance in 2017, after serving notices of 10 code violations involving unpermitted structures. The County filed a complaint alleging that Castagnola is liable for abatement costs, penalties, and attorney fees. The stipulated judgment required him to abate the violations, by specified dates in 2020, by securing permits and either bringing specified structures into compliance with relevant codes or arranging their demolition. The judgment also awards the County costs, fees, and penalties and adds that "[a]ny party in breach of the judgment may be subject to a civil contempt action, a motion to enforce the judgment, a petition to appoint a receiver, or any other remedy to compel compliance . . . ."

In December 2020, the County sought an order to show cause regarding contempt, alleging that Castagnola had not complied with the judgment, and the court (Chouteau, J., Ret.)[1] found him in contempt. In its January 2022 petition to appoint a receiver, the County alleged Castagnola still had taken

---

[1] The County states that Judge Chouteau (Ret.) was assigned to hear matters in the court below when the petition was heard. The Register of Actions shows that the case is assigned to Judge Dollard, but Judge Chouteau presided at hearings described below.

2

no steps to comply with the judgment. Judge Rene Auguste Chouteau set a hearing date of May 25, 2022 (all dates below are in 2022 unless otherwise noted).

Judge Chouteau then issued a tentative ruling granting the petition. The tentative ruling stated that Castagnola had failed to comply with the judgment after having had a reasonable opportunity to do so, and that "appointment of a receiver is warranted to take control of the property and abate [substandard] conditions and to facilitate compliance with the court's July 2020 order." At the May 25 hearing, the court adopted the tentative ruling and signed an order appointing a receiver.

On June 13, Castagnola filed a notice of appeal from the May 25 order appointing a receiver. He elected to prepare an appendix (Cal. Rules of Court,[2] rule 8.124) and, given the lack of court reporter at the May 25 hearing, to provide a settled statement (rule 8.137). On July 8, the court filed an amended version of the May 25 order appointing a receiver, which made no substantive change.[3] (For simplicity, we refer below to the "order appointing a receiver;" no distinction between the two versions is material to this appeal.)

The record indicates that, on July 27, Castagnola filed a motion to vacate the order appointing a receiver. Judge Chouteau orally denied the

---

[2] Undesignated references to "rules" are to the California Rules of Court; undesignated references to "local rules" are to those of this court.

[3] Judge Chouteau had signed the May 25 order without removing "Proposed" from the title or correcting the listing of Judge Dollard as the bench officer. On July 8, the court filed an amended version of the order that has the same signature page, but with the caption corrected by replacing "Proposed" with "Amended*," striking out "Jennifer Dollard" and interlineating "Rene Auguste Chouteau" after "Hon.," and adding "(Amended 7/8/22 to reflect correct bench officer)." On July 18, Castagnola filed an amended notice of appeal incorporating the amended order.

3

motion on September 9. On September 19, the court filed a written order denying the motion signed by another judge.

The record further shows that, on July 27, Castagnola also filed a proposed settled statement for this appeal. The County filed a response. The trial court submitted to this court an order on the proposed settled statement signed by Judge Chouteau and filed on September 9. It comprises a Judicial Council form "Order on Appellant's Proposed Settled Statement"—which states that the court had received Castagnola's proposed settled statement and the County's response, and that corrections to the proposed statement were required for accuracy—and a Modified Settled Statement.

The Modified Settled Statement explains that neither party requested oral argument and that Castagnola had failed to notify the County of his intent to argue as required by the tentative ruling, but both parties were present at the hearing, the court allowed argument, and it then affirmed its tentative ruling. The Modified Settled statement further notes that neither side provided a court reporter, and that Castagnola requested a continuance to obtain one, which request the court denied as untimely and unsupported by good cause.

In November, Castagnola requested an extension of time to file his opening brief on appeal, which this court granted in part. In January 2023, he requested a further extension, which we denied on January 23, 2023 for lack of good cause. Our order warned Castagnola that his appeal would be subject to dismissal if he did not file an opening brief within 15 days.

Three days later, on January 26, 2023, Castagnola filed in the trial court a document titled, in part, "1st District Court of Appeal Local Rule 11(c) Request . . . to Provide Documents that Are Not Yet Part of and Are Missing from the Court Record" (the "local rule 11(c) request"). (See Ct. App., First

4

Dist., Local Rules of Ct., rule 11(c), Extensions of Time for Filing Briefs [extending due date for brief if party has filed request for documents omitted by clerk or court reporter] (local rule 11(c)).) The local rule 11(c) request asserts that Castagnola cannot prepare an appendix until three "missing" documents are filed in the trial court. On January 30, 2023, Castagnola filed in this court a "Notice of Lower Court Filing Activation of Local Rule 11(c) Automatic Stay." It asserts that his filing of the local rule 11(c) request triggered an automatic "stay" pursuant to local rule 11(c).

On February 6, 2023, Castagnola filed an opening brief. It states that he appeals the order appointing a receiver, asserts that "further reference to an Appellant's Appendix . . . is not possible at this time until the lower court complies with . . . Local Rule 11(c)," and asks this court to reverse the order appointing a receiver—but without identifying a reason to do so. The brief adds that Castagnola "does not waive the statutory provision of . . . Government Code section 68081." Finally, it asserts that, after the trial court "complies with" the local rule 11(c) request, Castagnola will file "supplement[s]" to his opening brief and appendix. The County filed a response brief; Castagnola did not file a reply.

**Discussion**

It is an appellant's burden to provide a record on appeal sufficient to enable the appellant to show prejudicial error in the challenged judgment or order, and to file a brief making such a showing. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Castagnola has done neither. It is not our role to search the record for error, or construct arguments for a party. (*Espinoza v. Hepta Run, Inc.* (2022) 74 Cal.App.5th 44, 60.) The constitutional rule that orders and judgments can be reversed only for demonstrated prejudicial error compels us to affirm the challenged order. (*Jameson v. Desta*, at pp. 608–609.)

5

Castagnola's brief suggests two ways to avoid that result. One is his claim that the trial court's asserted failure to file three "missing" documents listed in his local rule 11(c) request prevented him from preparing an appendix, and that his filing of the request triggered an automatic extension, under local rule 11(c), of the due date for his brief. This claim fails both because the cited rule applies only to appeals in which the appellant has elected to have the trial court clerk and/or court reporter(s) prepare the record on appeal, and because, in any event, no document is missing.

Local rule 11(c) applies in a civil appeal like this "[i]f a party asks the superior court to prepare an omitted part of the record under . . . rule[] 8.155(b)."[4] Local rule 11(c) thus applies only if rule 8.155(b) applies. Rule 8.155(b) states, "If a clerk or reporter omits a required or designated portion of the record, a party may serve and file a notice in superior court specifying the omitted portion and requesting that it be prepared, certified, and sent to the reviewing court."[5] A clerk and/or reporter has a duty to prepare documents for, or include documents in, the record on appeal only if the appellant elects to use a clerk's transcript for documents, and/or a reporter's transcript for

---

[4] More fully, local rule 11(c) states that "If a party asks the superior court to prepare an omitted part of the record under . . . rules 8.155(b), 8.340(b), or 8.410(a)," and so notifies this court, "the deadline for filing the party's brief shall be automatically extended by 15 days from the date the omitted part of the record is filed." Rules 8.340(b) and 8.410(a) apply only in criminal cases.

[5] A record on appeal of documents from the trial court can take the form, at an appellant's election, of a clerk's transcript, appendix, original trial court file, agreed statement, or settled statement. (Rules 8.120(a)(1), 8.121(b).) The record of oral proceedings on appeal can take the form of a reporter's transcript, agreed statement, or settled statement. (Rule 8.120(b).)

oral proceedings.[6] If, as here, the appellant does not make those elections, a clerk or reporter cannot possibly omit "a required or designated portion of the record" in a way triggering rule 8.155(b).

In this appeal, Castagnalo elected to prepare an appendix of documents and to use a settled statement for the oral record. Thus, no clerk or reporter had a duty to include or prepare any material for or in the record on appeal, so there can have been no omission triggering rule 8.155(b).

Even setting aside the text of rule 8.155(b), Castagnola's claim also fails because none of the documents he deems "missing" is in fact a document that any judge or clerk was obliged to file, but that has not been filed.

Castagnola claims first that because Judge Chouteau, in filling out the Judicial Council form "Order on Appellant's Proposed Settled Statement," did not fill in the blank for the filing date of the appellant's proposed settled statement, there has "been no response to" Castagnalo's proposal. But the record on appeal includes both the County's response to Castagnalo's proposed Settled Statement and the Modified Settled Statement, in which Judge Chouteau responded to and modified the substance of Castagnalo's proposal.

Second, Castagnalo claims that no document has been filed in response to an alleged docket entry of September 9, 2022, stating, "Judge Chouteau's corrections and any proposed modifications or objections are due by 10/20/22."[7] But the record on appeal includes the Modified Settled Statement,

---

[6] See rules 8.121(b), 8.122(a) [authorizing appellant to "designate" documents to include in clerk's and/or reporter's transcript]; rule 8.122(b)(1) [identifying documents required to be inluded in all clerk's transcripts].

[7] The copy of the Register of Actions filed with this court by the trial court clerk in June 2022 includes no such notation. For purposes of this appeal, we assume the notation exists.

7

which reflects Judge Chouteau's corrections and modifications to Castagnola's proposed settled statement.

Third, Castagnalo complains that the September 2022 order denying his motion to vacate the order appointing a receiver was signed by a judge other than Judge Chouteau. That fact is immaterial for two reasons: First, Castagnola has appealed only the order appointing a receiver, not the order denying his later motion to vacate the appointment order, and second, because Castagnola filed his motion to vacate while his appeal from the appointment order was pending, the trial court lacked jurisdiction to hear it. (See *Copley v. Copley* (1981) 126 Cal.App.3d 248, 298 ["During the pendency of an appeal, the trial court is without power to hear a motion to vacate judgment from which an appeal has been taken"].) The order denying the motion, by whomever signed, is thus void and of no possible consequence.

The other basis Castagnalo's brief suggests for an outcome other than affirmance is that he "does not waive" the provision of Government Code section 68081. That provision states that, before a court decides an appeal "based upon an issue which was not proposed or briefed by any party . . ., the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing." (Gov. Code, § 68081.) As the County notes, the statute requires not that a party actually have briefed an issue, but only that it have had an opportunity to do so. (*People v. Alice* (2007) 41 Cal.4th 668, 677.) When a party files a brief, they automatically have an opportunity to brief any issue raised, or fairly included within the issues raised, by the appeal. (*Ibid.*) Castagnalo's appeal raises as its sole issue whether the order appointing a receiver was erroneous. His failure to make any argument as to why it was does not reflect a lack of opportunity to do so.

8

**Disposition**

The "(Proposed) [*sic*] Order Granting Motion for Petition to Appoint a Receiver" filed on May 25, 2022, and the "Amended Order Granting Motion for Petition to Appoint a Receiver" filed on July 8, 2022, are affirmed. Respondent shall recover its costs on appeal.

_____
Fineman, J.*

WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.


A165443


_____

\* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.