Filed 8/27/25  P. v. Guzman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL SAMSON GUZMAN,<br><br>    Defendant and Appellant. | D084040<br><br><br>(Super. Ct. No. RIF110891)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN THE JUDGMENT |


THE COURT:

It is ordered that the opinion filed on August 14, 2025, be modified as follows:

1.     The second full paragraph on page 3 is modified to read as follows:

> Guzman asserts the trial court's order may be appealable under section 1237, subdivision (b), which provides that a defendant may appeal from any postjudgment order affecting the substantial rights of the party.  Should we determine that the order is not appealable, Guzman urges us to exercise our discretion to treat the appeal as a petition for writ of mandate.

2. The third paragraph beginning on page 3 and concluding on page 4, is hereby replaced with the following paragraph. Footnote 4 is added at the end of the replacement paragraph:

> As our colleagues in Division Two explained, because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one[,] . . . [i]t follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) We agree with this rationale and a growing body of caselaw reaching the same conclusion. (See, e.g., *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046–1047; *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Hodge* (2024) 107 Cal.App.5th 985, 999.) Accordingly, we conclude the trial court's order denying Guzman's request for relief did not affect his substantial rights and was not appealable under section 1237, subdivision (b).[1]

---

[1] In a petition for rehearing, Guzman argued this court should have afforded the parties an opportunity to brief the appealability issue pursuant to Government Code section 68081 because, at the time he filed his *Wende* brief, no published case had expressly held that such an order was non-appealable. Because the issue of appealability was fairly included in Guzman's *Wende* brief, we denied the petition for rehearing. (See *People v. Alice* (2007) 41 Cal.4th 668, 679 ["[t]he parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081"]; see also *People v. Escobedo* (2023) 95 Cal.App.5th 440, 450.)

3. On page 4, immediately following footnote 4, insert the following as a separate paragraph:

> Additionally, because we discern no unusual or extraordinary circumstance in this case, we decline to exercise our discretion to treat the appeal as a petition for writ of mandate. (Cf. *Olson v. Corey, supra*, 35 Cal.3d at pp. 400–401; *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746.)

There is no change in the judgment.

The petition for rehearing is denied.

O'ROURKE, Acting P. J.

Copies to: All parties

Filed 8/14/25  P. v. Guzman CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084040 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF110891) |
| SAMUEL SAMSON GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Thomas M. Kelly, Judge.  Dismissed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Samuel Samson Guzman appeals from the trial court's order denying his request to recall his sentence pursuant to Penal Code[2] section 1172.1. His appointed counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which raised no arguable issues but asked us to independently review the

---

[2]     All further statutory references are to the Penal Code.

record for reversible error. We offered Guzman the opportunity to file his own supplemental brief on appeal, but he has not responded. After reviewing the record and the briefing submitted by counsel, we conclude the trial court's order is not appealable, and we therefore dismiss the appeal.

## BACKGROUND[3]

A jury convicted Guzman of second degree murder (§§ 187 and 189, subd. (b)) and found true the allegation that he personally discharged a firearm causing death. (§§ 12022.53, subd. (d) and 1192.7, subd. (c)(8).) In December 2005, the court sentenced him to an indeterminate prison term of 40 years to life, consisting of 15 years to life for the murder and 25 years to life for use of the firearm.

In March 2024, Guzman, acting in pro. per., filed a form "(Addendum) Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1" seeking relief following statutory changes to several sentencing laws. Under the section of the form entitled "Reasons to Grant Relief," Guzman explained that he had earned an associate's degree, maintained a sober lifestyle, gained insight into his crime, and learned a wide array of tools and skills. He also provided evidence that he will receive disability compensation from the Department of Veterans Affairs for posttraumatic stress disorder upon release. In response to his filing, the court issued a minute order stating it had read and considered his ex-parte correspondence and was denying his request.

## DISCUSSION

Under section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable

---

[3] Because the facts underlying defendant's conviction are not at issue in this appeal, we omit any recitation of them.

2

sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (§ 1172.1, subd. (a)(1).[4]) The court may also act upon the recommendation of certain government officials. (*Ibid.*) But, by the statute's plain terms, the defendant "is not entitled to file a petition seeking relief from the court under this section." (*Id.*, subd. (c).) If a defendant does so, "the court is not required to respond." (*Ibid.*)

To assist this court in its independent review under *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, Guzman's appointed counsel identified the following issue: "Did [the] trial court abuse its discretion in summarily denying the defendant's request to recall his sentence pursuant to Penal Code section 1172.1?" We do not reach this issue because we conclude the trial court's order is not appealable.

Guzman asserts the trial court's order is appealable under section 1237, subdivision (b), which provides that a defendant may appeal from any postjudgment order affecting the substantial rights of the party. However, as our colleagues in Division Two explained, because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one[,] . . . [i]t follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) We agree

---

[4]     Assembly Bill No. 600 amended section 1172.1 to expand the trial court's authority to recall and resentence on its own motion. (Stats. 2023, ch. 446, § 2.)

with this rationale and a growing body of caselaw reaching the same conclusion.  (See, e.g., *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046–1047; *People v. Roy* (2025) 110 Cal.App.5th 991, 1001; *People v. Hodge* (2024) 107 Cal.App.5th 985, 999.)  Accordingly, we conclude the trial court's order denying Guzman's request for relief did not affect his substantial rights and was not appealable under section 1237, subdivision (b).

DISPOSITION

The appeal is dismissed.

IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

4