Filed 10/2/23 (unmodified opinion attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB ESCOBEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B322608<br>(Super. Ct. No. 2016022491)<br>(Ventura County)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br>[NO CHANGE IN<br>JUDGMENT] |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTHUR CHAVIRA,<br><br>    Defendant and Appellant. | 2d Crim. No. B323765<br>(Super. Ct. No. 2014022397)<br>(Ventura County) |

THE COURT:

It is ordered that the opinion filed herein on September 12, 2023, be modified as follows:

1. On page 12, after the first partial paragraph ending with "orders denying their petitions," insert the following new paragraph:

   *Burgess*, *supra*, 86 Cal.App.5th 375, is relevant to the Government Code section 68081 issue. Both parties cite the case. In *Burgess* the Court of Appeal held that the trial court lacked jurisdiction to adjudicate an inmate's motion for resentencing under section 1172.5 because (1) it was a "'freestanding motion'" not "attached to some ongoing action," and (2) it was not filed "pursuant to 'specific statutory avenues for incarcerated defendants to seek resentencing in particular cases.'" *(Burgess, supra,* at p. 381.) In respondent's brief the People do not mention the "freestanding petitions" issue, but they cite *Burgess* in support of their claim that "the superior court lacked jurisdiction to rule on appellant[s'] petition, and this Court should dismiss appellant[s'] appeal for lack of jurisdiction." In their reply briefs appellants attempt to distinguish *Burgess* as follows: "The *Burgess* case dismissed the appeal because to permit remand would undermine the staged timeline for resentencing contemplated by the Legislature and delegated to CDCR for screening. . . . [¶] Since this case involves an appellant who CDCR identified as being eligible for resentencing in the first wave of resentencing applications, the *Burgess* decision does not apply." In their attempt to distinguish *Burgess,* appellants opened the door to the question whether *Burgess* is indistinguishable because, like the inmate in *Burgess*, appellants filed "'freestanding'" petitions not "attached to some ongoing action" and the petitions were not statutorily authorized. (*Ibid.*) Thus, the "freestanding petitions" issue is "fairly included within

2

the issues actually raised" by the parties, e.g., the issue of the applicability of *Burgess*. (*People v. Alice, supra,* 41 Cal.4th at p. 677.)

There is no change in judgment.

Appellants' petition for rehearing is denied.

GILBERT, P. J.      YEGAN, J.      BALTODANO, J.

Filed 9/12/23; on rehearing (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B322608 |
| Plaintiff and Respondent, | (Super. Ct. No. 2016022491) |
| | (Ventura County) |
| v. | |
| | OPINION ON REHEARING |
| JACOB ESCOBEDO, | |
| Defendant and Appellant. | |
| THE PEOPLE, | 2d Crim. No. B323765 |
| Plaintiff and Respondent, | (Super. Ct. No. 2014022397) |
| | (Ventura County) |
| v. | |
| ARTHUR CHAVIRA, | |
| Defendant and Appellant. | |

Jacob Escobedo purports to appeal from the trial court's postjudgment order denying his petition to strike two prior prison term enhancements imposed pursuant to former Penal Code

section 667.5, subdivision (b) (667.5(b)).[1]  In a separate proceeding, Arthur Chavira purports to appeal from a similar postjudgment order.  We dismiss both appeals.  The orders appealed from are nonappealable because the trial court lacked jurisdiction to adjudicate the petitions.

Appellants' prior prison terms had been served for offenses that were not sexually violent.  After imposition of the prior prison term enhancements, former section 667.5(b) was amended to limit its application to prison terms served for sexually violent offenses.  Appellants contend the trial court erroneously denied their petitions to strike the now invalid prior prison term enhancements.  But as we explain in this opinion, the Legislature has not authorized their appeals from the trial court's orders.  "'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.'"  (*People v. Maszurette* (2001) 24 Cal.4th 789, 792.)

Section 1237, subdivision (b) provides that a defendant may appeal "[f]rom any order made after judgment, *affecting the substantial rights of the party*."  (Italics added.)  The present appeals are examples of an all-too-familiar pattern in which the Court of Appeal is becoming a court of purported postjudgment appeals from orders that are nonappealable because they do not affect the appellant's substantial rights.  (See, e.g., *People v. Hodges* (2023) 92 Cal.App.5th 186, 190 ["Because the trial court did not have jurisdiction to grant appellant's request, its order could not, and does not, affect his substantial rights"]; *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 ["the trial court correctly concluded that it lacked jurisdiction to grant Alexander's motion. . . .  An order denying a motion the court

---

[1] All statutory references are to the Penal Code.

lacks jurisdiction to grant does not affect a defendant's substantial rights. [Citation.] Any appeal from such an order must be dismissed"].)

*One-Year Prior Prison Term*
*Enhancement: Statutory History*

We do not review the wisdom of legislative enactments. (*People v. Pecci* (1999) 72 Cal.App.4th 1500, 1506, citing *Wells Fargo Bank v. Superior Court* (1991) 53 Cal.3d 1082, 1099.) Since at least 1923 recidivism statutes have been a staple in California jurisprudence. But the Legislature has recently elected to curtail their use in some instances. (Former § 644, subds. (a), (b); *In re Rosencrantz* (1928) 205 Cal. 534, 536; Fricke & Alarcon, California Criminal Law (10th ed. 1970) ch. 2, pp. 20-21.)

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) ['SB 136'] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid. [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380, review denied March 15, 2023 (*Burgess*).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) ['SB 483']. This bill sought to make the changes implemented by [SB] 136 retroactive. . . . It took effect on January 1, 2022, and added former section 1171.1, now section

3

1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Burgess, supra*, 86 Cal.App.5th at p. 380.)

"Section 1172.75 states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' (§ 1172.75, subd. (a).) The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section 1172.5 directs the Secretary of the California Department of Corrections and Rehabilitation ('CDCR') and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).) The statute provides this is to be done in two groups. First, '[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement.' (§ 1172.75, subd. (b)(1).) And second, '[b]y July 1, 2022, for all other individuals.' (§ 1172.75, subd. (b)(2).)"[2] (*Burgess, supra*, 86 Cal.App.5th at p. 380.)

---

[2] In the trial court appellants alleged that, pursuant to section 1172.75, subdivision (b)(1), they were included in the list of inmates in the first group provided by CDCR to the Ventura County Superior Court. If appellants were in the first group, this would only have given them priority over inmates in the second group.

4

"After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.5, 'the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a),' and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)  This part of section 1172.75 also divides relief into two parts.  Specifically, the review and resentencing shall be completed '[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [affected] enhancement' (§ 1172.75, subd. (c)(1)) and '[b]y December 31, 2023, for all other individuals' (§ 1172.75, subd. (c)(2))."  (*Burgess, supra,* 86 Cal.App.5th at pp. 380-381.)

*Procedural History*

Escobedo

In 2016 a jury convicted Escobedo of dissuading a witness from testifying in violation of Penal Code section 136.1, subdivision (a)(1).  We refer to this conviction as "the 2016 conviction."  The trial court found true two prior prison terms within the meaning of former section 667.5(b).  He was sentenced to prison for five years – the three-year upper term for dissuading a witness plus a consecutive sentence of one year for each of the two prior prison terms.

At the time of sentencing for the 2016 conviction, Escobedo received credit of 401 days for time served.  While serving the remainder of his five-year prison sentence, in September 2017 Escobedo was convicted of possessing a weapon while confined in a penal institution.  (§ 4502, subd. (a).)  He was sentenced to prison for four years.  This sentence was not increased by a prior

5

prison term enhancement. The trial court ordered the four-year sentence to be served consecutively to the five-year sentence he was currently serving for the 2016 conviction. Section 4502, subdivision (a) provides that punishment for a violation of the statute is "to be served consecutively."

Pursuant to section 1172.75, in June 2022 Escobedo filed a petition to be resentenced for the 2016 conviction. He requested that the trial court "strike his two . . . [section] 667.5(b) enhancements that are now legally invalid."

<u>Chavira</u>

In 2015 Chavira pleaded guilty to two felonies. We refer to these convictions as "the 2015 convictions." He was sentenced to prison for six years, four months. The sentence included a one-year consecutive term for a prior prison term enhancement pursuant to former section 667.5(b).

At the time of sentencing for the 2015 convictions, Chavira received credit of 449 days for time served. While serving the remainder of his prison sentence, in March 2019 Chavira was convicted of possessing a weapon while confined in a penal institution. (§ 4502, subd. (a).) He was sentenced to prison for four years. The sentence was not increased by a prior prison term enhancement. The trial court ordered the four-year sentence to be served consecutively to the six-year, four-month sentence he was currently serving for the 2015 convictions.

In October 2021 Chavira was convicted of assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4).) For this new conviction he was sentenced to prison for four years.

While still imprisoned, in July 2022 Chavira filed a petition "for a full resentencing hearing pursuant to . . . section 1172.75." He sought "to strike [from the sentence for his 2015 convictions]

6

his legally invalid Penal Code [section] 667.5(b) enhancement." The petition alleged that if the section 667.5(b) prior is stricken by the trial court, he would be eligible for immediate release. We do not credit this allegation. The math just does not support this claim.

*People's Opposition to Petitions and Trial Court's Ruling*

The People correctly argued that appellants were not eligible for relief under section 1172.75 because they were not currently serving the sentences imposed for the prior prison term enhancements. The sentences for these enhancements had been completed. When appellants filed their petitions, they were serving separate sentences imposed for felonies committed while they were in prison for the 2015 and 2016 convictions.

Accordingly, the trial court correctly denied the petitions. We are quick to observe that we would grant habeas corpus relief if it were shown that a prisoner was confined solely because of a now "invalid" prior prison term.

*The Trial Court Lacked Jurisdiction to*
*Adjudicate Appellants' Petitions*

Section 1172.75 invalidated appellants' prior prison term enhancements. But section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements. "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the [trial] court in advance of resentencing *is only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. (§ 1172.75, subds. (b)-(c).) Thus, section 1172.75

7

simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384, italics added; compare § 1172.75 with § 1172.6, which sets forth a detailed procedure whereby a person convicted of murder under specified theories "may file a petition with the court that sentenced the petitioner" to vacate the conviction "and to be resentenced on any remaining counts" (§ 1172.6, subd. (a)).)

"[A] 'freestanding motion [or petition] challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief.  A motion [or petition] is not an independent remedy, *but must be attached to some ongoing action*.  [Citation.]  Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion [or petition] in the trial court making an allegation that the sentence is legally infirm.'" (*Burgess*, *supra*, 86 Cal.App.5th at p. 381, italics added.)

Here, there was no "ongoing action" to which appellants' petitions could attach.  (*Burgess*, *supra*, 86 Cal.App.5th at p. 381.)  We reject appellants' claim that they were authorized to file a resentencing petition because they were "on the CDCR list of eligible inmates submitted to the Superior Court" pursuant to section 1172.75, subdivision (b)(1).  (See fn. 2 at p. 4, *ante*.)  "[E]ven after a judgment is final, the court retains jurisdiction to resentence the defendant pursuant to '*specific statutory avenues for incarcerated defendants to seek resentencing in particular cases*' . . . ." (*Burgess*, *supra*, at p. 381, italics added.)  No such "'specific statutory avenues'" permitted appellants to petition for relief pursuant to section 1172.75.  (Again, compare § 1172.75

8

with § 1172.6; when the legislature wants to authorize defendants to seek relief by way of a petition, as in section 1172.6, it knows how to do so.)

Appellants filed freestanding petitions "to correct an illegal sentence years after [their] conviction[s] became final and [they] had begun serving [their] sentence[s]. . . . The trial court lacked jurisdiction to adjudicate [the petitions] for resentencing, and we lack jurisdiction over [the] appeal[s] from the [petitions'] denial." (*Burgess*, *supra*, 86 Cal.App.5th at p. 382; see *People v. King* (2022) 77 Cal.App.5th 629, 633 (*King*) ["Although King correctly contends that the sentence on [his] conviction . . . was unauthorized, we conclude that the trial court had no jurisdiction to entertain King's motion to vacate his sentence, and therefore this court has no appellate jurisdiction to entertain the appeal"].)

"The unavailability of a motion procedure does not deprive wrongfully incarcerated defendants of a remedy. A defendant who is serving a longer sentence than the law allows may always challenge the sentence in a petition for a writ of habeas corpus. Indeed, the purpose of the writ is to give summary relief against such illegal restraints of personal liberty." (*King*, *supra*, 77 Cal.App.5th at p. 640; see *Burgess*, *supra*, 86 Cal.App.5th at p. 381 ["even after a judgment is final, . . . 'incarcerated defendants [may] seek resentencing . . .' pursuant to a 'properly filed' habeas corpus petition"].)

*Petition for Rehearing and Motion to Augment Record*

We granted appellants' petition for rehearing. In their petition appellants "acknowledge . . . [they] fil[ed] documents styled as 'Petitions' and consistently referenc[ed] the underlying actions as 'petitions for resentencing.'" But appellants claim we erroneously concluded they had filed "'freestanding petitions' for

9

relief." Appellants argue they "filed pleadings through appointed counsel in accord with a rolling calendar procedure agreed upon by the parties after a series of collaborative meetings between the Superior Court, the District Attorney's office, and the Public Defender's Office, after the California Department of Corrections . . . transmitted its initial resentencing list to the court in February of 2022."

The record on appeal does not support the existence of such "a rolling calendar procedure agreed upon by the parties." The day after the petition for rehearing was filed, appellants filed a motion to augment the record on appeal to include a purported agreed statement that allegedly shows such a procedure existed. The motion is denied because the Ventura County District Attorney did not sign the agreed statement. (Cal. Rules of Court, rule 8.134(a)(1) ["The [agreed] statement . . . must be signed by the parties"].)

Even if the parties had agreed upon such "a rolling calendar procedure," their agreement would not have conferred jurisdiction upon the superior court to adjudicate their petitions for resentencing. "'Jurisdiction of the subject matter cannot be given, enlarged or waived by the parties . . . .'" (*Rockefeller Technology Investments (Asia) VII v. Changzhou SinoType Technology Co.* (2020) 9 Cal.5th 125, 139.) Appellants' petitions would still have been unauthorized "freestanding petitions" because "there was no 'ongoing action' to which [they] could attach." (*Ante*, at p. 8; see *King*, *supra*, 77 Cal.App.5th at p. 640.) Appellants' convictions had been final for years, and appellants had completed serving the sentences imposed for the convictions. Moreover, there were no "'specific statutory avenues for

10

[appellants] to seek resentencing . . . .'" (*Burgess, supra,* 86 Cal.App.5th at p. 381.)

In their petition for rehearing, appellants contend our "decision turns on an issue not raised by the Parties." The issue is whether they filed "'freestanding petitions' for relief." Appellants maintain that, pursuant to Government Code section 68081, "[t]he parties have a right to brief this issue . . . ." Government Code section 68081 provides, "Before . . . a court of appeal . . . renders a decision in a proceeding . . . based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing." But "[t]he parties need only have been given an opportunity to brief the issue decided by the [appellate] court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or *fairly included within the issues raised* does not implicate the protections of [Government Code] section 68081." (*People v. Alice* (2007) 41 Cal.4th 668, 679, italics added.)

The "freestanding petitions" issue is fairly included within the issue of the appealability of the trial court's orders denying appellants' petitions. Appellants raise the appealability issue in their briefs. In their opening briefs appellants state, "A court's order denying resentencing is appealable as an order made after judgment affecting the substantial rights of appellant[s]." In their reply briefs appellants assert: "[T]he California Department of Corrections and Rehabilitation . . . identified [appellants] as being eligible for resentencing within the meaning of Penal Code [section] 1172.75(b)(l). As such, the resentencing court's denial of resentencing within the meaning of [section] 1172.75(c) is an

11

appealable order." As we have previously explained (see *ante*, at pp. 8-9), the CDCR's identification of appellants did not authorize the filing of their petitions for resentencing and therefore also did not authorize their appeals from the orders denying their petitions.

*Appellants' Claim of Trial Court Error Would Fail on the Merits*

Appellants claim the trial court erroneously denied their petitions for relief under section 1172.75. If we were to consider their claim on the merits, the claim would fail because their "current judgments," i.e., the judgments for the offenses they committed while in prison for the earlier 2015 and 2016 convictions, do not include a prior prison term enhancement. Section 1172.75, subdivision (c) provides: "Upon receiving the information described in subdivision (b) [from the Secretary of the CDCR and the county correctional administrator], the court shall review the judgment and verify that the *current judgment* includes a sentencing enhancement described in subdivision (a) [i.e., a section 667.5(b) prior prison term enhancement for an offense other than a sexually violent one]. If the court determines that the *current judgment* includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (Italics added; see SB 483, Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 [which amended section 667.5(b)] . . . to all persons *currently serving* a term of incarceration in jail or prison for these repealed sentence enhancements" (italics added)]; § 1172.75, subd. (b) ["The Secretary of the [CDCR] and the county correctional administrator of each county shall identify those persons in their

custody *currently serving* a term for a judgment that includes an enhancement described in subdivision (a)" (italics added)].)

When appellants petitioned for relief, their "current judgments" were the convictions for offenses they had committed in prison while serving the sentences for the earlier 2015 and 2016 convictions. Pursuant to section 1170.1, subdivision (c) (1170.1(c)), the prior prison term enhancements for the 2015 and 2016 convictions did not carry over to the consecutive sentences imposed for the new in-prison offenses. Section 1170.1, subdivision (c) provides: "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison . . . and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison."

"It is well settled that under section 1170.1(c), a term for an in-prison offense or multiple in-prison offenses begins to run at the end of the prison term imposed for the original out-of-prison offenses. [Citations.] . . . Thus, 'the term for an in-prison offense does not become part of the aggregate prison term imposed for those offenses which were committed "on the outside." Instead, the defendant is imprisoned for a total term consisting of the sum of his aggregate sentence computed under section 1170.1(a) plus the new aggregate term imposed under section 1170.1(c). [Citation.] The latter term starts to run at the end of the prison term imposed for the defendant's original "outside" offense. [Citation.]' [Citations.] [¶] Thus, [the defendant's] consecutive sentence for his . . . in-prison offense is not merged or aggregated with his original term for the . . . out-of-prison offense. Instead,

13

the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense." (*In re Tate* (2006) 135 Cal.App.4th 756, 764-765; see also *People v. Langston* (2004) 33 Cal.4th 1237, 1242 ["new crimes committed while in prison are treated as separate offenses and begin a new aggregate term"].)

*Disposition*

As to both B322608 (*People v. Escobedo*) and B323765 (*People v. Chavira*), the appeals are dismissed.

<u>CERTIFIED FOR PUBLICATION.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

Barry Taylor, Patricia M. Murphy, Judges

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, Thomas Hartnett, Snr. Deputy Public Defender, for Defendants and Appellants.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Rene Judkiewicz, Viet Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.