Filed 7/28/25  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C101390 |
| Plaintiff and Respondent, | (Super. Ct. No. 62173579) |
| v. | |
| KEVIN LAWRENCE DAVIS, | |
| Defendant and Appellant. | |

Defendant Kevin Lawrence Davis sexually assaulted two young women on separate occasions after they drank alcohol and went to sleep at his house.  A jury found him guilty of four sex offenses after hearing evidence of those assaults and evidence of a third—uncharged—sexual assault that occurred years earlier.  The trial court sentenced him to an aggregate term of 23 years in prison and ordered him to submit to HIV testing.  On appeal, Davis contends the trial court erred by (1) admitting evidence of the

uncharged sexual assault and (2) ordering HIV testing without sufficient evidence that he may have transferred blood or semen to his victims.

We reject Davis's evidentiary claims and agree with the parties that the trial court erred in ordering HIV testing. Accordingly, we will vacate the trial court's order for HIV testing and remand for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause for such an order. We affirm the judgment in all other respects.

## BACKGROUND

### I

### *Factual Background*

A. *Charged Conduct*

1. *Doe 1*

Doe 1 was 17 years old when she went to Davis's house one night in July 2018 and consumed alcohol with others, including her boyfriend, Davis's wife, Davis's son, and Davis. Later that night, she went to sleep in the family room. When she woke up, Davis was kissing her breasts. He put his hand down her pants and forcefully digitally penetrated her and told her, "I'm trying to fuck you." She "freaked out" and told Davis to get off her. Davis left the room, but returned moments later, put his erect penis in her face, and said, "I want you to suck my dick." She told him to stop and he left the room again.

The next morning, she told her boyfriend that Davis tried to rape her, and her boyfriend repeated the accusation in a text message to one of Davis's sons. At her boyfriend's mother's urging, she went to a hospital to have a sexual assault examination done and to get tested for sexually transmitted diseases.

2. *Doe 2*

Doe 2 was 18 years old in October 2019 when she went to a party at Davis's house at which many of the 20 to 30 attendees were consuming alcohol, marijuana, and/or

2

cocaine. After she had five or six alcoholic drinks, she became dizzy, and Davis escorted her to the living room couch, where she lay down and he covered her with a blanket. Davis then put his hand down her pants and digitally penetrated her vagina. She told Davis to stop and turned onto her stomach, forcing Davis to remove his hand. Davis got on top of her back, put his hand down her pants a second time, and again digitally penetrated her.

Later, Doe 2's friend found her shaking in the living room. She grabbed his arm and told him she wanted to go outside. When they got into the friend's car, Doe 2 "broke down crying," and revealed that Davis had put his hands inside her pants and inappropriately touched her.

B.     *Uncharged Conduct*

In 2016 or 2017, when Doe 3 was 21 years old, she went out drinking with Davis, Davis's wife, and one of Davis's sons, whom she was dating at the time. They returned to Davis's home and she went to bed on an air mattress in the living room. When she woke up, Davis was crouching down at the edge of the mattress, about two feet away from her, and her vagina felt "puffy, uncomfortable," as if "someone had inserted their fingers into" it.

## II

### *Procedural Background*

Davis was charged with committing four sex offenses, two against Doe 1 and two against Doe 2. The amended information alleged, inter alia, that Davis committed a violation of Penal Code section 289—sexual penetration accomplished by force, violence, or duress—as to each victim.

3

In October 2023, the prosecution filed motions in limine seeking to introduce at trial evidence of Davis's sexual assault of Doe 3 pursuant to Evidence Code[1] sections 1101[2] and 1108.[3] No written response from defense counsel appears in the record. At a hearing later that month, defense counsel objected to the introduction of the Doe 3 evidence under section 352, arguing that "[i]ts probative value . . . is greatly outweighed by its prejudice to the defendant." The trial court overruled the objection and allowed the prosecution to introduce the evidence at trial.

A jury found Davis guilty on all four counts and in May 2024, the trial court sentenced him to an aggregate term of 23 years in prison. The trial court also ordered HIV testing for Davis, ruling there was probable cause to believe he transferred bodily fluid to Doe 1 and/or Doe 2. Davis appeals.

## DISCUSSION

Davis contends the trial court erred under sections 1101, 1108, and 352 when it admitted evidence regarding his alleged sexual assault of Doe 3. The People disagree. We conclude Davis's claims regarding sections 1101 and 1108 are forfeited on appeal, and the trial court did not err under section 352.

---

[1] Undesignated statutory references are to the Evidence Code.

[2] Section 1101 provides in relevant part: "(a) Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character . . . is inadmissible when offered to prove his or her conduct on a specified occasion. [¶] (b) Nothing in this section prohibits the admission of evidence that a person committed a crime . . . or other act when relevant to prove some fact . . . other than his or her disposition to commit such an act."

[3] Section 1108, subdivision (a) provides in relevant part: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."

Davis also contends the trial court erred by ordering him to undergo HIV testing because there was insufficient evidence for the determination that he transferred bodily fluid to Doe 1 and/or Doe 2. The People agree, and ask us to remand to allow the prosecution to offer additional evidence that may establish probable cause for such an order. We will vacate the trial court's HIV testing order and remand for further proceedings.

I

*Legal Background of the Evidentiary Claims*

A. *Sections 352, 1101, and 1108*

While evidence of prior criminal acts is generally inadmissible to show a defendant's disposition to commit such acts (§ 1101, subd. (a)), section 1101, subdivision (b) permits the admission of evidence that a person committed a crime or other act to prove, inter alia, common plan or identity. (*People v. Megown* (2018) 28 Cal.App.5th 157, 163-164 (*Megown*).) And when a defendant is accused of a sex offense, section 1108 contemplates the admission of "evidence of the defendant's commission of other sex offenses," to prove a disposition to commit sex offenses. (*People v. Cordova* (2015) 62 Cal.4th 104, 132.)

But evidence that is admissible pursuant to section 1101 and/or section 1108, is still subject to a trial court's discretion under section 352 to exclude the evidence because its prejudicial effect substantially outweighs its probative value. (*People v. Cordova*, *supra*, 62 Cal.4th at p. 132; *Megown*, *supra*, 28 Cal.App.5th at p. 164.)[4] The word "prejudice" in section 352 applies to evidence that uniquely tends to evoke an emotional

_____

[4] "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (§ 352.)

bias against the defendant as an individual and that has very little effect on the issues. The word is not synonymous with "damaging." (*Megown*, at p. 164.) Thus, evidence should be excluded as unduly prejudicial when it is of such nature as to inflame the emotions of the jury to reward or punish one side because of an emotional reaction. In that case, the evidence is unduly prejudicial because of the substantial likelihood the jury will use it for an illegitimate purpose. (*Ibid*.)

B.      *Section 353 and Forfeiture*

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless," inter alia, "[t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion." (§ 353, subd. (a).)

Along the same lines, and as a matter of common law, the failure to object to errors committed at trial generally forfeits the claim on appeal. (*People v. Landry* (2016) 2 Cal.5th 52, 86.) This rule of forfeiture applies to claims that evidence was erroneously admitted at trial when such claims are based on a new legal theory. (*Ibid.*; see *People v. Partida* (2005) 37 Cal.4th 428, 434 [failure to make a timely and specific objection on the ground asserted on appeal makes that ground not cognizable]; *Megown*, *supra*, 28 Cal.App.5th at pp. 168-169 [§ 352 objection at trial does not preserve argument that prior incident evidence should not have been admitted to prove propensity or disposition to engage in a type of conduct].)

6

## II

### *Analysis of the Evidentiary Claims*

A.     *The Section 1101 and 1108 Claims are Forfeited on Appeal*[5]

As described above, Davis's sole objection below regarding evidence of his sexual assault of Doe 3 was that its "probative value . . . [was] greatly outweighed by its prejudice" to him under section 352. Because that objection failed to preserve the new claims raised on appeal under sections 1101 and 1108 (*People v. Landry*, *supra*, 2 Cal.5th at p. 86; *People v. Partida*, *supra*, 37 Cal.4th at p. 434; *Megown*, *supra*, 28 Cal.App.5th at pp. 168-169), we decline to consider them.

An evidentiary objection at trial must " 'fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling.' " (*People v. Geier* (2007) 41 Cal.4th 555, 609.) The forfeiture rule exists to encourage parties to bring ostensible errors to the attention of the trial court, so that they may be corrected in the first instance. (*People v. McCullough* (2013) 56 Cal 4th 589, 593.) It is " 'unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*Ibid.*)

---

[5] The parties did not address forfeiture in their briefing. But "the parties had the *opportunity* to brief forfeiture, a rule always implicated when an argument is raised for the first time on appeal. (See *People v. Alice* (2007) 41 Cal.4th 668, 679 ['The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised *or fairly included within the issues raised* does not implicate the protections of [Government Code] section 68081' (italics added)].)" (*People v. Graham* (2024) 102 Cal.App.5th 787, 798, fn. 6.)

B.    *The Section 352 Claim is Unpersuasive*

Davis contends that the admission of evidence regarding his sexual assault of Doe 3 "had no probative value . . . on the issue of identity" or "common plan" (§ 1101) and "was cumulative of other evidence" that he was predisposed to commit sexual offenses (see § 1108).  We are not persuaded the trial court abused its discretion. (See *Megown*, *supra*, 28 Cal.App.5th at p. 164 ["We review the trial court's exercise of discretion in admitting evidence under section 352 for abuse and will not disturb the court's ruling 'except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice' "]; *ibid.* [" 'The weighing process under section 352 depends upon the trial court's consideration of the unique facts and issues of each case, rather than upon the mechanical application of automatic rules.' "].)

We agree with the People that the trial court reasonably could have concluded that Davis's sexual assault of Doe 3 tended to show that he employed a common plan or scheme—providing inebriated young women a place to sleep in his home to sexually assault them more easily.  Further, the trial court reasonably could have concluded that this evidence was highly probative of Davis's guilt on the charged offenses precisely *because* it showed his predisposition to commit sex offenses.  (See *People v. Nguyen* (2010) 184 Cal.App.4th 1096, 1119 [no trial court error under § 352, because "the uncharged sexual offenses tended in reason to show that defendant indeed did have a propensity for not taking 'no' for an answer, but instead made his sexual advances over the victims' protestations"]; *People v. Poplar* (1999) 70 Cal.App.4th 1129, 1139 ["The evidence was extremely probative, showing defendant's propensity for" the type of conduct at issue].)  And the trial court also reasonably could have concluded that the admission of evidence regarding Doe 3 did not create a substantial danger of undue prejudice within the meaning of section 352, because it was not more inflammatory than Davis's alleged conduct toward Doe 1 and Doe 2.  (See *Megown*, *supra*, 28 Cal.App.5th

8

at p. 164 [evidence should be excluded as unduly prejudicial when it inflames jurors by motivating them to use the information with emotion, rather than logic]; *Poplar*, at p. 1139 ["The prior incidents . . . were not the sort to evoke an emotional bias against defendant"].)

III

*Order for HIV Testing*

We agree that the trial court's order for HIV testing was not supported by sufficient evidence. Accordingly, we will remand for further proceedings.

Penal Code section 1202.1 provides in relevant part that the court must order every person who is convicted of certain enumerated sexual offenses to submit to a test for evidence of "antibodies to the probable causative agent of acquired immunodeficiency syndrome (AIDS)." (Pen. Code, § 1202.1, subd. (a).) Relevant here, among those enumerated sexual offenses is a violation of Penal Code section 289, "if the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim." (Pen. Code, § 1202.1, subd. (e)(5)(A)(i).)

"[S]ince involuntary HIV testing is strictly limited by statute and Penal Code section 1202.1 conditions a testing order upon a finding of probable cause, a defendant may challenge the sufficiency of the evidence even in the absence of an objection. Without evidentiary support," an HIV testing order "is invalid." (*People v. Butler* (2003) 31 Cal.4th 1119, 1123.) "Given the serious health consequences of HIV infection," "it would be inappropriate simply to strike the testing order without remanding for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause." (*Id.* at p. 1129.) Rather, "it is appropriate to remand the matter for further proceedings at the election of the prosecution." (*Ibid.*)

The trial court's order for HIV testing is not supported by sufficient evidence for a probable cause finding that Davis transferred blood or semen to Doe 1 or Doe 2. The

9

evidence presented at trial was that Davis digitally penetrated his victims. Without more, that conduct does not suggest transference of blood or semen.

Accordingly, the trial court's order for HIV testing is vacated and the matter is remanded for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause.

## DISPOSITION

The trial court's order for HIV testing is vacated and the matter is remanded for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause for such an order. In all other respects, the judgment is affirmed.


                                    /s/
                               BOULWARE EURIE, J.


We concur:


    /s/
EARL, P. J.


    /s/
MESIWALA, J.

10